# Love v. Love, Appellant.

*Wills—Devisavit vel non—Undue influence—Evidence—Court and jury.*

In an issue devisavit vel non it was held that the evidence of undue influence was insufficient to sustain a verdict against the will where there was no direct testimony to show the undue influence and it appeared that testatrix, who was a woman of unimpaired mental faculties, had executed her will without interference from others, had retained it in her own possession until her

death, and had been heard to express satisfaction with its provisions.

Argued October 31, 1912.  Appeal, No. 213, Oct. T., 1912, by defendants, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 751, on verdict in favor of plaintiff by direction in case of John M. Love v. William F. Love and Jennie F. Mitchell.  Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Issue devisavit vel non.

EVANS, J., filed the following opinion:

This case comes before the Court of Common Pleas on an issue devisavit vel non to the Court of Common Pleas by the register of this county, which order was affirmed on appeal to the Orphans' Court.  The issue was to try the following question of fact, to wit:

"Was the paper writing dated March 19, 1909, purporting to be the last will and testament of Rebecca R. Love, deceased, procured and made by fraud and undue influence exercised over Rebecca R. Love, deceased, by John M. Love?"

On the trial of the case, after hearing the testimony of the proponent and the contestants, binding instructions were given to the jury in favor of the proponent of the will.  The uncontradicted testimony showed that the testatrix, in the absence of her son, John M. Love, requested her physician to write her will and, when he declined, asked him to recommend some person to her who would write it.  He recommended the scrivener who wrote the will and, at her request, asked him to call upon her. He went to see her and when alone in the room with him she instructed him as to the provisions of her will.  He left the house and some few days afterwards returned with a draft of the will and the provisions of the will were made known to her and in the presence of the scrivener and of her physician she executed the will.  The will was left with her.  She lived for something over a

year after its execution and the will was found in her bed after her death. She had been quite sick prior to the execution of the will, but at the date of its execution was able to sit up. She afterwards became sufficiently recovered in health to walk around the neighborhood and come down to the city and make purchases. Her son and her daughter who are contesting this will had free access to her and the daughter was with her several months during the year succeeding the execution of this will. She had abundant opportunity to change the will had she so desired, when the contestants were present many times alone with her in the absence of the proponent of the will and, so far as the evidence is concerned, she never expressed any desire to make any other will after the execution of this one. On the other hand, the testimony of an uninterested witness is that some considerable time after making of this will she expressed satisfaction with its provisions and gave the reason why she had made the will that she had.

The evidence on the part of the contestants of undue influence is to the effect that persons were not permitted to visit the house of the deceased. There is no evidence of any person being kept out of the house except one, and, from the letters of the deceased, that was done with her approbation. It is certain that no member of her family nor any of her relatives were ever kept out of the house when they desired to enter. On the contrary, the daughter was urged, both by the deceased and by John M. Love, to visit her mother and money was sent to her to pay her expenses in coming.

There is some evidence of declarations on the part of John M. Love which showed that he had knowledge of the contents of this will, but they were made after the will was executed and at most they only show that he knew what the provisions of the will were. There is also some evidence of quarrels between the mother and John M. Love and her statement that she was afraid of him; but, as I have already stated, she had abundant

opportunities when her other son and her daughter visited her and were there alone with her to have made another will without the knowledge of John M. Love, and she was in abundant health to have done so.

To set aside this will would be to establish a precedent which would render every will uncertain if it favored one who lived in the home of the testator. The testatrix and John M. Love lived for several years alone together. There is nothing in this to sustain the charge of undue influence. The courts of Pennsylvania are not keen to set aside the last will and testament of a person who was of sufficient mental capacity to make it, and we are clearly of the opinion that there is not sufficient evidence produced by the contestants in this case to justify a finding that the will was procured by undue influence on the part of John M. Love.

Judgment was entered in favor of proponent. Contestants appealed.

*Errors assigned* were in directing a verdict for proponent and various answers to points and rulings on evidence.

*Thomas P. Trimble,* with him *Edward C. Chalfant,* for appellants.

*John Marron,* of *Marron & McGirr,* with him *W. S. Woods,* for appellee.

PER CURIAM, January 6, 1913:

The judgment is affirmed on the opinion of Judge EVANS.